UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DOMINIQUE WILSON-ABRAMS,

                                        Plaintiff,

v.

RICHARD MAGEZI, SEAGATE FREIGHT, LLC,
MICHAEL L. LAMBERT, WESTERN EXPRESS,
INC., NATHAN TYRONE MITCHELL, and
NAVAJO EXPRESS, INC.,

                                        Defendants.

_____

**DECISION AND ORDER**
1:20-CV-01717-LJV-MJR

## **INTRODUCTION**

This case was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1) by the

Hon. Lawrence J. Vilardo for all pretrial matters and to hear and report upon dispositive

motions. (Dkt. No. 23) Before the Court are plaintiff's motions to amend the complaint and

compel discovery. (Dkt. No. 17) For the following reasons, plaintiff's motion to amend the

complaint is denied without prejudice and plaintiff's motion to compel discovery is denied

as moot and without prejudice.[1]

---

[1] In *Fielding v. Tollaksen*, 510 F.3d 175 (2d Cir. 2007), the Second Circuit stated, *in dicta*, that a motion to amend is a nondispositive motion that may be referred to a magistrate judge and is subject to a clearly erroneous or contrary to law standard of review. While there have been conflicting views on the issue expressed by the district courts in the past, there is a general consensus in this Circuit that the determination of a motion to amend is considered nondispositive. *See Steuben Foods, Inc. v. Gea Process Engineering, Inc.*, 1:12-CV-00904, 2016 U.S. Dist. LEXIS 90318 (WDNY July 12, 2016) (explaining that the weight of authority in this Circuit, as well as the Second Circuit's decision in *Fielding*, is in favor of treating a motion to amend as nondispositive); *Mid. Atl. Framing, LLC v. Varish Constr., Inc.*, 3:13-CV-01376, 2017 U.S. Dist. LEXIS 146874 (NDNY Sept. 11, 2017) ("Courts in the Second Circuit have generally considered motions to amend a complaint as non-dispositive."); *Dollar Phone Corp. v. St. Paul Fire & Marine Ins. Co.*, 09-CV-1640, 2011 U.S. Dist. LEXIS 22207 (EDNY Mar. 4, 2011) ("[A] magistrate judge's decision on a motion to amend is nondispositive[.]"); *Thompson v. United States*, 16-CV-3468, 2018 U.S. Dist. LEXIS 2280 (SDNY Jan. 3, 2018) ("Motions…to amend are generally considered nondispositive motions.")  Based upon this case law, and because the Court is denying plaintiff's motion to amend without prejudice, the Court issues the instant determination in the form of a decision and order.

1

## RELEVANT FACTS

Plaintiff Dominique Wilson-Abrams commenced this lawsuit in New York State Supreme Court, County of Erie, on December 9, 2019. (Dkt. No. 1-1) The complaint alleges that beginning at approximately 8:00 p.m. on January 29, 2019, through approximately 9:30 p.m. on February 1, 2019, the New York State Thruway Authority initiated a ban as to all tractor-trailers and commercial buses traveling on Interstate 90 between the Pennsylvania line and Exit 46 in Monroe County, New York. (*Id.* at ¶9) On January 30, 2019, at approximately 2:00 p.m., plaintiff, a police officer and resident of New York, was operating a 2016 Dodge patrol car bearing a New York State license plate marked "POLICE." (*Id.* at ¶10) Plaintiff's patrol car was situated stationary on the shoulder of the eastbound Interstate 90 in the Town of Leroy, New York, within the location of the travel ban. (*Id.*) At this same time, defendant Michael Lambert, a resident of Connecticut, was operating a 2019 International semi-tractor and attached trailer, owned by defendant Western Express Inc., whose corporate headquarters are located in Tennessee. (*Id.* at ¶¶3-4, ¶¶12-13) Defendant Richard Magezi, a resident of Texas, was operating a 2015 Freightliner semi-tractor and attached trailer. (*Id.* at ¶2, ¶11) Defendant Nathan Tyrone Mitchell, a resident of Arizona, was operating a 2016 Peterbilt semi-tractor and attached trailer, owned by defendant Navajo Express, Inc., whose corporate headquarters are located in Colorado. (*Id.* at ¶¶5-6, ¶¶16-17) The complaint further alleges that defendants Lambert, Magezi, and Mitchell were all traveling eastbound on Interstate 90, in violation of the travel ban. (*Id.* at ¶20) A multi-vehicle accident then occurred causing plaintiff's patrol car to collide with the tractor-trailers operated by Lambert, Magezi and Mitchell, resulting in serious injury to Wilson-Abrams. (*Id.* at ¶21-22) On June 30, 2020, plaintiff

2

filed an amended complaint in New York State Supreme Court adding Seagate Freight, LLC as an additional defendant. (Dkt. No. 1-6) The amended complaint alleges that the semi-tractor driven by Magezi at the time of the accident was owned by Seagate Freight, whose corporate offices are located in Texas. (*Id.*)

All defendants filed answers to the amended complaint in New York state court, as well as cross-claims against their co-defendants. (Dkt. Nos. 1-8, 1-9, 1-10) On November 24, 2020, all defendants filed a joint notice of removal, removing plaintiff's lawsuit from New York State Supreme Court to the Western District of New York based on diversity jurisdiction. (Dkt. No. 1) Defendants represented that the action was properly removable pursuant to 28 U.S.C. §1441(b) because (1) there was complete diversity of citizenship among the parties; (2) the amount in controversy exceeded $75,000; and (3) none of the parties in interest, who were properly joined and served as defendants, were citizens of New York. (*Id.* at ¶) Plaintiff did not oppose removal or seek to remand the matter to state court. Following the removal, this Court entered a Case Management Order which specified, *inter alia*, that motions to amend the pleadings or add parties were to be filed by July 15, 2021; motions to compel discovery were to be filed by December 15, 2021; and fact discovery was to be completed by January 18, 2022. (Dkt. No. 15)

On June 7, 2021, plaintiff filed the instant motion to amend the complaint to add additional defendants whose identities plaintiff learned through discovery. (Dkt. No. 17) Specifically, plaintiff seeks to add, as defendants, Jaime L. Burgostorres; Trans-porte, Inc., d/b/a U.S. Foods; Edward F. Dejoy; Midwest Transport, Inc.; and Penske Truck Leasing Co., L/P. (*Id.*) Plaintiff submits that these five proposed new defendants are the operators and/or owners of two additional tractor-trailers involved in the accident that

injured Wilson-Abrams on January 30, 2019.[2] (*Id.*) Plaintiff has also moved to compel Magezi and Seagate Freight as well as Mitchell and Navajo Express to provide Rule 26 initial disclosures and to respond to plaintiff's outstanding interrogatories and requests for documents. (*Id.*) Defendants filed responses to the motions and plaintiff filed a reply. (Dkt. Nos. 19-22) The Court heard oral argument on July 28, 2021. (Dkt. No. 24)

## DISCUSSION

### *Motion to Amend the Complaint*

Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint only by leave of the court after a responsive pleading has been served, and that such leave shall be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). The Second Circuit instructs that leave to file an amended complaint should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104 (2d Cir. 2001). "Although the decision of whether to allow plaintiff[] to amend [the] complaint is left to the sound discretion of the district court, there must be good reason to deny the motion." *Acito v. IMCERA Group*, 47 F.3d 47, 55 (2d Cir. 1995). Further, the party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial. *See Fariello v. Campbell*, 860 F. Supp. 54, 70 (EDNY 1994).

### *Federal Rule of Civil Procedure 8(a)*

Defendants first argue that plaintiff's motion to amend the complaint should be denied because plaintiff has failed to establish grounds for the Court's jurisdiction.

---

[2] The addition of the five new defendants, and allegations that these defendants were also involved in the automobile accident on January 30, 2019 and that their negligence also caused injury to Wilson-Abrams, are the only changes plaintiff seeks to make to the complaint.

4

Specifically, defendants contend that the proposed second amended complaint does not set forth the citizenship of *any* of the defendants named therein, *including both the current defendants and the proposed new defendants*, and therefore does not comport with federal pleading requirements.

Federal Rule of Civil Procedure 8(a)(1) requires a plaintiff to allege, in the complaint, "a short and plain statement of the grounds for the court's jurisdiction, *unless the court already has jurisdiction and the claim needs no new jurisdictional support*." *See* Fed. R. Civ. P. 8(a)(1) (emphasis added).[3] For purposes of establishing diversity jurisdiction, a plaintiff must allege the states of citizenship of all parties. *Care Envtl. Corp. v. M2 Techs., Inc.*, CV-05-1600, 2006 U.S. Dist. LEXIS 2934, n. 1 (EDNY Jan. 18, 2006); *accord Held v. Held*, 137 F.3d 998 (7th Cir. 1998). Because "allegations of residency alone cannot establish citizenship", *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997), the citizenship of individuals, and not their residences, must be pleaded. *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925). Specifically, an individual's citizenship is determined by his or her domicile, which is defined as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Further, a corporation is deemed a citizen of any state (or foreign state) in which it is incorporated and of the state where it has its "principal place of

---

[3] Here, the proposed second amended complaint notes, with respect to jurisdiction and venue, that this case was previously removed to the Western District of New York by defendants based on "complete diversity of citizenship between the parties" and that the amount in controversy exceeds $75,000. (Dkt. No. 17-9) Based upon these allegations and the fact that plaintiff asserts only state law claims, it appears that plaintiff has attempted to invoke federal diversity jurisdiction with respect to the proposed second amended complaint. *See* 28 USC §1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between...citizens of different states.").

business." 28 U.S.C. §1332(c)(1). For diversity purposes, a corporation may only have one principal place of business. *See Egan v. Am. Airlines, Inc.*, 324 F.2d 565 (2d Cir. 1963). In order to determine the citizenship of a corporation, a court must be informed *both* of all of the states in which it is incorporated as well as its principal place of business. *Tarpon Bay Partners LLC v. Visium Techs.*, 3:18-CV-02003, 2021 U.S. Dist. LEXIS 196954 (Dist. Conn. Oct. 13, 2021). A limited liability company takes the citizenship of each of its members. *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2021). Likewise, "limited partnerships have the citizenship of each of its general and limited partners." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

Here, the proposed second amended complaint does not adequately allege the citizenship of *any* of the named defendants, including both the current defendants as well as the proposed new defendants. (Dkt. No. 17-9) As to each of the corporate defendants listed, both current and prospective, the proposed second amended complaint fails to set forth their places of incorporation or organization. (*Id.* at ¶4-¶15) The proposed second amended complaint also fails to name each current and prospective corporate defendant's principal place of business or, in the case of the limited liability companies or limited partnerships, the domiciles of their members.[4] (*Id.*) Further, the proposed second amended complaint alleges only the residences, not the citizenships, of both the current and prospective individual defendants. (*Id.*) These allegations are insufficient to confer

---

[4] The proposed second amended complaint does allege a "corporate headquarters" for each of the named corporate defendants. While a defendant's corporate headquarters and principal place of business may be the same, that is not always the case, and the complaint should specify each defendant's principal place of business. *See Hertz v. Friend*, 559 U.S. 77, 92 (2010) ("In this context, the term 'principal place of business,' often called the 'nerve center,' refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities, normally the place where the corporation maintains its headquarters."); *compare Inland Rubber Corp. v. Triple A Tire Serv., Inc.*, 220 F. Supp. 490, 492 (SDNY 1963) (finding corporation's principal place of business to be New York even though corporate headquarters were located in Ohio).

jurisdiction. *See Canedy*, 126 F.3d at 103 (finding that the complaint failed to comply with Rule 8(a)(1) where, *inter alia*, it merely alleged that defendant was a resident of Virginia); *Carlson v. Bond*, CV-04-4480, 2005 U.S. Dist. LEXIS 45441 (EDNY June 15, 2005) ("Allegations concerning a party's place of residence are insufficient to establish diversity of citizenship because a person may be a resident of one state but a citizen of another."). *Young-Gibson v. Patel*, 476 F. App'x 482 (2d Cir. June 12, 2012) (allegations of residency alone cannot establish whether parties are citizens of different states for purposes of establishing federal subject matter jurisdiction.).

Here, the Court first finds that, *as to the current defendants in this lawsuit*, plaintiff's failure to properly state defendants' citizenship in the proposed second amended complaint does not violate Rule 8(a)(1) because jurisdiction has already been established as to these defendants. Indeed, all current defendants jointly removed this matter to the Western District of New York based on diversity jurisdiction. (Dkt. No. 1) The notice of removal specifically set forth the citizenships of plaintiff Wilson-Abrams (New York); the individual defendants Magezi (Texas), Lambert (Connecticut), and Mitchell (Arizona); and the corporate defendants Seagate Freight (Texas), Western Express (Tennessee) and Navajo Express (Colorado). Moreover, all parties agree, and the notice of removal adequately demonstrates, that complete diversity of citizenship exists between plaintiff and the current defendants. Thus, all the parties as well as the Court concur that federal jurisdiction as to these defendants is proper. *See Gangl v. Williamson*, 83-CV-449, 1984 U.S. Dist. LEXIS 14754 (NDNY July 23, 1984) ("While it is of course true that 28 U.S.C. §1332(a) requires diversity of citizenship, and plaintiff's complaint speaks of residency, the court sees no purpose to be served in requiring an amended complaint for such

recitation where there appears to be no genuine dispute as to plaintiff's citizenship, or the citizenship of the defendants herein.").

In contrast, jurisdiction has not been established *as to the five new defendants* that plaintiff seeks to join to the lawsuit through the filing of a second amended complaint. As noted above, plaintiff alleges only the "corporate headquarters" of each business and the residences of each individual. Moreover, the proposed second amended complaint alleges that one of the newly proposed defendants, Edward F. Dejoy, is a resident of New York. (Dkt. No. 17-9, ¶13) This allegation suggests that Dejoy may likely be domiciled in, and therefore a citizen of, New York. During oral argument, it was agreed that to the extent one or more of the proposed new defendants is a citizen of New York, diversity jurisdiction would no longer exist here. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff"). It was further agreed that if the Court were to permit joinder of a non-diverse party, the Court would be required to remand this case back to New York State Supreme Court. *Smith v. Nkomarume*, 17 CV 6369, 2018 U.S. Dist. LEXIS 158171 (SDNY Sept. 5, 2018) ("If complete diversity is destroyed by joinder of a new party, and if the federal court otherwise lacks subject matter jurisdiction over the case, the case must be remanded."). However, without a proposed second amended complaint which adequately sets forth the citizenship of each of the five proposed new defendants, the Court cannot make a determination either about the adequacy of the proposed amendment or how the amendment would affect federal jurisdiction over this lawsuit. Thus, plaintiff's motion to amend the complaint is denied without prejudice. Plaintiff is instructed to renew the motion to amend together with a new

proposed second amended complaint that adequately sets forth the citizenship of each of the five proposed new defendants to this lawsuit.[5]

*Fundamental Fairness and 28 USC §1447*

Defendants next argue that even if plaintiff were deemed to have complied with federal pleading requirements, the Court should deny any proposed amendment that would seek to add parties whose presence would defeat this Court's prior established jurisdiction over the case. Stated another way, defendants submit that plaintiff should be permitted to add only defendants who would not destroy federal diversity jurisdiction, and that plaintiff should be required to assert her claims against any non-diverse parties in a separate state court action.[6]

Section 1447(e) of Title 28 of the United States Code provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 USC §1447(e). Courts in the Second Circuit generally apply a two-part test when deciding whether to permit diversity-destroying joinder. *See Barber v. Somal Logistics Ltd.*, 20-CV-854, 2021 U.S. Dist. LEXIS 100789 (WDNY May 27, 2021). First, joinder must satisfy Rule 20 of the Federal Rules of Civil Procedure, which permits joinder of multiple defendants in one action "if there is asserted against [the defendants] any right to relief…arising out of the same [] occurrences and if any question of law or fact common to all defendants will arise in the same action." Fed. R. Civ. P. 20.

[5] A failure to allege facts establishing jurisdiction need not prove fatal to a complaint. "[D]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653. Such amendments will be freely permitted where necessary to avoid dismissal on purely technical grounds. *See Canedy*, 126 F.3d at 103.
[6] As noted previously, it is generally agreed by the parties that at least one of the proposed new defendants is likely a citizen of New York and that, should plaintiff be permitted to join this individual, the Court would no longer possess subject matter jurisdiction over the lawsuit.

Here, it is undisputed that all current and prospective defendants were involved in the same occurrence or event, namely the automobile accident that injured Wilson-Abrams, and that a lawsuit including all of these parties would involve common questions of law or fact. *See United Mine Workers of Am. v. Gibb*, 383 U.S. 715 (1966) (stating that under the Federal Rules generally, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties [and therefore] joinder of claims, parties and remedies is strongly encouraged."); *Amon v. Nelson*, 91 Civ. 3844, 1992 U.S. Dist. LEXIS 280 (SDNY Jan. 15, 1992) ("Joinder is favored so that all claims arising from an event or series of events can be resolved in a single litigation.") Thus, Rule 20 poses no obstacle to joinder here.

Second, courts in this Circuit employ a "fundamental fairness" analysis to determine whether the balancing of certain factors "weighs in favor of joinder and its necessarily attendant remand." *McGee v. State Farm Mut. Auto Ins. Co.*, 684 F. Supp. 2d 258, 262 (EDNY 2009). This analysis consists of the following factors: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendants; (3) likelihood of multiple litigations; and (4) plaintiff's motivation for the amendment. *See Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (SDNY 2003). The factors should be considered in light of the totality of the circumstances, *Vanderzalm v. Sechrist Indus.*, 875 F. Supp. 2d 179, 184 (EDNY 2012), and "[d]iversity-destroying jurisdiction is permitted when the factors weigh in the moving party's favor." *Nazario*, 295 F. Supp. 2d at 363.

First, delay in seeking amendment to the complaint is measured from the date of removal. *See Nazario*, 295 F. Supp. at 363. Here, defendants removed this action from state court on November 24, 2020. (Dkt. No. 1) Plaintiff moved to amend the complaint

to join the new defendants a little over six months later, on June 7, 2021. (Dkt. No. 17) Plaintiff's motion to amend was timely pursuant to the Case Management Order proposed by the parties and entered by this Court. *See Smith*, 2018 U.S. Dist. LEXIS 158171, *15 ("Where the motion for joinder falls within the schedule set by the court for such motions, this alone may excuse what might have otherwise been an unreasonable delay.").

Moreover, plaintiff submits a reasonable and valid reason for the delay, namely that she was unaware of the involvement of the proposed new defendants in the accident until she received discovery materials, and that she then promptly moved to amend. Plaintiff represents that she was rendered unconscious in the collision and therefore had to rely upon available reports and photographs of the accident to determine the proper parties to sue. According to the police report of the incident, plaintiff was seated in her patrol car on the shoulder of the road when her car was struck from behind by the tractor-trailer operated by Magezi and owned by Seagate Freight. (Dkt. No. 17-10) The impact pushed the patrol car into the driving lane, where it was struck by the tractor-trailer operated by Lampert and owned by Western Express (*Id.*) The patrol car then collided with the tractor-trailer operated by Mitchell and owned by Navajo Express. (*Id.*) Plaintiff submits that it was not until March 2, 2021, when Western Express provided dash camera footage of the accident as part of its initial disclosures, that plaintiff learned that additional tractor-trailers were involved in the accident. Plaintiff indicates that the dash camera video shows that after initially colliding with plaintiff's patrol car, the Western Express tractor-trailer came to a stop and was then subjected to additional impacts by the tactor-trailers owned and/or operated by the new proposed defendants. These additional impacts caused the Western Express tractor-trailer to move forward and again collide with

plaintiff's patrol car. Within a few months of receiving and reviewing this video, plaintiff obtained the identities of the additional parties and moved to amend the complaint to join them in the lawsuit. Thus, any delay in moving to join non-diverse defendants was the result of newly acquired information as opposed to a lack of diligence or dilatory tactics on the part of plaintiff, and this factor weighs in favor of granting the amendment. *See e.g., Bruno v. Zimmer, Inc.*, CV 15-6129, 2018 U.S. Dist. LEXIS 16830 (EDNY Feb. 1, 2018) (eleven month delay in moving to amend was excusable where plaintiff only recently learned of certain instrumental facts through disclosures from defendants); *Young v. Simon Ladder Towers, Inc.*, 96 Civ. 0189E, 1996 U.S. Dist. LEXIS 17570 (WDNY Nov. 26, 1996) (finding that delay of four and a half months was not of sufficient duration to warrant denying the motion to join non-diverse parties because plaintiff provided an adequate reason for that delay).[7]

As to the second factor, the Court can discern no prejudice to the current defendants in granting the motion to amend. Despite being filed in state court on December 10, 2019, the case remains in its preliminary stages. Plaintiff notes that because the parties understood that the matter would ultimately be removed to federal court, the parties did not conduct any conferences or exchange any discovery while the matter was pending in state court. Furthermore, through no fault of plaintiff, very little discovery has taken place since the case has been pending here. In fact, when plaintiff made the instant motion to amend, neither defendants Magezi and Seagate Freight nor defendants Mitchell and Navajo Express had timely complied with their Rule 26 initial

---

[7] It is noted that the current defendants do not contradict plaintiff's explanation of the contents of the dash camera video, nor do they dispute that the proposed new defendants were involved in the accident on January 30, 2019.

disclosure requirements or responded to plaintiff's request for interrogatories or document production. Plaintiff represents that the initial mediation session was canceled as a result of defendants' delay in producing discovery. Moreover, it does not appear that any depositions have been taken and the fact discovery deadline does not expire until January of 2022. Thus, this lawsuit has not advanced to a point where remand with additional defendants would cause the current defendants to revise or abandon a litigation strategy for which resources have already been expended, nor would joinder of the additional defendants impair the present defendants' ability to defend against the claims. *See Guadagno v. M.A. Mortenson Co.*, 1:15-CV-00482, 2018 U.S. Dist. LEXIS 167958 (WDNY Sept. 28, 2018) (the potential for additional discovery alone is not sufficient to constitute prejudice); *Hosein v. CDL West 45th St., LLC*, 12-CV-06903, 2013 U.S. Dist. LEXIS 130030 (SDNY June 12, 2013) (finding six-month delay was excusable because plaintiff's filing of the amended complaint complied with court-ordered deadlines, plaintiff pursued discovery from defendant to determine role of proposed parties and defendant demonstrated no prejudice). For these reasons, the Court finds that the lack of prejudice against defendants weighs in favor of joinder.[8]

As to the third factor, "[c]ourts in [this] circuit have held that avoidance of multiple litigations weighs in favor of joinder of a party, even if joinder will defeat diversity." *Juliano v. Toyota Motor Sales*, U.S.A., Inc., 20 F. Supp. 2d 573, 576 (SDNY 1998) (collecting cases). Here, joinder of defendants would allow plaintiff to litigate all claims arising from

---

[8] Plaintiff also raises a cogent argument that denial of joinder of non-diverse parties could prejudice her claims against the remaining defendants. Specifically, if plaintiff was required to proceed against only the current defendants and other diverse parties in federal court, while being required to sue the non-diverse parties separately in state court, defendants in the federal lawsuit would have the advantage of an "empty chair defense" and could blame the accident and plaintiff's injuries on the negligent actions of the absent defendants.

the January 30, 2019 automobile accident in one proceeding, whereas a denial of joinder would require plaintiff to proceed on the claim in two different forums. *Bruno,* 2018 U.S. Dist. LEXIS 16830, at *2 (denial of the motion would undoubtedly result in multiple litigations since plaintiff would be forced to commence separate state court actions against the other defendants). Likewise, because a trial against the current defendants would involve the same evidence as a trial involving the proposed defendants, joinder followed by remand could promote the efficient use of judicial resources, could spare witnesses the trouble of testifying at two different trials, and would allow plaintiff to resolve all of her claims relating to the accident in a single action without the danger of inconsistent judgments. *See also Gurksy v. Northwestern Mut. Life Ins., Co.,* 139 F.R.D. 279, 283 (EDNY 1991) (Remand of this action will both avoid wasting judicial resources as well as the "inherent dangers of inconsistent results, both of which are at risk when parallel federal and state actions proceed simultaneously."); *Amon,* 1992 U.S. Dist. LEXIS 280 at *8 (joinder satisfied fundamental fairness test where joining defendant would allow the dispute to be resolved in a single litigation and would therefore "prevent duplicative litigation, extra expense to the parties and the waste of judicial resources" and would "avoid piecemeal litigation against alleged joint-tortfeasors and the concomitant danger of inconsistent findings."). Thus, this factor also weighs in favor of joinder.

The last factor involves a consideration of plaintiff's motivation for the joinder request. To that end, joinder is not warranted where a plaintiff seeks to add the non-diverse parties solely to bring about a remand to state court. *See Nazario,* 295 F. Supp. 2d at 364. However, where "a plaintiff discovers new information subsequent to filing [a] complaint, that warrants the addition of new parties, courts have held that no inference

arises that the plaintiff was motivated to join the defendant solely to defeat jurisdiction." *Cooper v. Trs. Of the College of the Holy Cross*, 13-CV-8064, 2014 US Dist. LEXIS 82464 (SDNY June 17, 2014). As described above, plaintiff has set forth concrete reasons, beyond a preference for a particular forum, as to why she requests joinder of the new defendants. Specifically, plaintiff recently learned that additional parties were involved in the accident, and she now seeks to resolve her claims against all defendants relating to the accident in a single lawsuit. Indeed, before learning of the additional defendants, plaintiff raised no objection to proceeding in federal court. Thus, the Court finds no evidence here that plaintiff is motivated either by bad faith or a singular desire to proceed in state court. Thus, the final factor also weighs in favor of joinder. *See Roll on Express, Inc. v. Travelers Indem. Co. of Conn.*, 09-CV-213, 2009 U.S. Dist. LEXIS 56729 (EDNY July 2, 2009) (permissible motivation for joinder where plaintiff discovers new information, subsequent to filing the complaint, that warrants the addition of new parties); *Rodriguez v. Abbott Labs.*, 151 F.R.D. 529 (SDNY Nov. 1, 1993) (Joinder permitted where the district court had "no reason to suspect that plaintiff [was] merely attempting to defeat diversity and drag the case into her originally selected forum.").

In sum, after consideration of the factors described above, the Court finds that joinder of the new defendants comports with the principals of fundamental fairness, even if the joinder ultimately results in destruction of this Court's diversity jurisdiction and remand of this lawsuit to state court. Thus, defendants' contention that plaintiff should only be permitted to amend the complaint to include diverse parties is rejected. As instructed previously, plaintiff shall renew the motion to amend with a new proposed second amended complaint that adequately sets forth the citizenship of all new

defendants whom plaintiff seeks to join. Should the newly proposed complaint join one or more non-diverse defendants, and should it not assert any other basis for federal subject matter jurisdiction, this Court will issue a recommendation to the District Court that the case be remanded to New York State Supreme Court. *See* 28 U.S.C. §1447(c) (A district court must remand a case to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.").

### *Plaintiff's Motion to Compel*

In addition to filing the motion to amend the complaint, plaintiff has moved to compel various discovery responses from defendants Magezi and Seagate Freight as well as defendants Mitchell and Navajo Express. Defendants Magezi and Seagate Freight respond that they provided Rule 26 initial disclosures to plaintiff on July 8, 2021, the day after plaintiff filed the motion to compel, and that they are making "diligent efforts" to respond to plaintiff's first set of interrogatories and request for production of documents. (Dkt. No. 20) Defendants Mitchell and Navajo Express respond that they provided Rule 26 initial disclosures, responses to plaintiff's first set of interrogatories and responses to plaintiff's request for document production on July 8, 2021. [9] (Dkt. No. 21) Because the outstanding discovery requests have either been provided or defendants have indicated that they will be provided, the Court denies plaintiff's motion to compel as moot and without prejudice. The Court also denies the discovery motion as moot since it is likely that an amended complaint will be filed with additional, non-diverse defendants, creating a likelihood that the case will be remanded to state court and requiring additional discovery.

---

[9] Plaintiff has not moved to compel discovery from Lambert and Western Express and has noted that these defendants have complied with discovery demands.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the complaint is denied without prejudice and plaintiff is instructed to file a renewed motion to amend, together with a new proposed second amended complaint that complies with Federal Rule of Civil Procedure 8(a)(1), on or before November 5, 2021. (Dkt. No. 17) Plaintiff's motion to compel discovery is denied as moot and without prejudice. (Dkt. No. 17)

**SO ORDERED.**

Dated:       October 22, 2021
             Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

17