UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOMINIQUE WILSON-ABRAMS,

                         Plaintiff,

v.

RICHARD MAGEZI, SEAGATE FREIGHT, LLC,
MICHAEL L. LAMBERT, WESTERN EXPRESS,
INC., NATHAN TYRONE MITCHELL, and
NAVAJO EXPRESS, INC.,

                         Defendants.

**REPORT, RECOMMENDATION AND ORDER**
1:20-CV-01717-LJV-MJR

---

## INTRODUCTION

This case was referred to the undersigned pursuant to 28 U.S.C. §636(b)(1) by the Hon. Lawrence J. Vilardo for all pretrial matters and to hear and report upon dispositive motions. (Dkt. No. 23) Before the Court is plaintiff's renewed motion to amend the complaint. (Dkt. No. 26) For the following reasons, plaintiff's renewed motion to amend the complaint is granted and it is recommended that the District Court remand this matter to New York State Supreme Court.[1]

---

[1] There is a general consensus among courts in this Circuit that the granting of a motion to amend a complaint is nondispositive. *See Partminer Info. Servs., Inc. v. Avnet, Inc.*, 07 Civ. 11482, 2009 U.S. Dist. LEXIS 39627 (SDNY Apr. 21, 2009) ("This Court is of the view that a grant of a motion for leave to amend is nondispositive"); *Steuben Foods, Inc. v. Gea Process Engineering, Inc.*, 1:12-CV-00904, 2016 U.S. Dist. LEXIS 90318 (WDNY July 12, 2016) (explaining that the weight of authority in this Circuit, as well as the Second Circuit's decision in *Fielding*, is in favor of treating a motion to amend as nondispositive); *Jaigua v. Kayfas Contr. Co.*, 18-CV-1914, 2019 U.S. Dist. 38685 (EDNY Mar. 11, 2019) (issuing a decision and order on motion to amend because "the Second Circuit has repeatedly chosen to characterize motions to amend pleadings as non-dispositive in nature."). However, the Second Circuit has ruled that because a remand order "determines the fundamental questions of whether a case can proceed in federal court" it is akin to a motion to dismiss and should be treated as dispositive. *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008). Thus, the Court grants the motion to amend the complaint in the form of a decision and order and recommends remand in the form of a report and recommendation.

## **RELEVANT FACTS**

Plaintiff Dominique Wilson-Abrams commenced this lawsuit in New York State Supreme Court, County of Erie, on December 9, 2019. (Dkt. No. 1-1) The complaint alleges that beginning at approximately 8:00 p.m. on January 29, 2019, through approximately 9:30 p.m. on February 1, 2019, the New York State Thruway Authority initiated a ban as to all tractor-trailers and commercial buses traveling on Interstate 90 between the Pennsylvania line and Exit 46 in Monroe County, New York. (*Id.* at ¶9) On January 30, 2019, at approximately 2:00 p.m., plaintiff, a police officer and resident of New York, was operating a 2016 Dodge patrol car bearing a New York State license plate marked "POLICE." (*Id.* at ¶10) Plaintiff's patrol car was situated stationary on the shoulder of the eastbound Interstate 90 in the Town of Leroy, New York, within the location of the travel ban. (*Id.*) At this same time, defendant Michael Lambert was operating a tractor-trailer owned by defendant Western Express Inc. (*Id.* at ¶¶3-4, ¶¶12-13) Defendant Richard Magezi was also operating a tractor-trailer, and defendant Nathan Tyrone Mitchell was operating a tractor-tailor owned by defendant Navajo Express, Inc. (*Id.* at ¶2, ¶¶5-6, ¶11, ¶¶16-17) The complaint further alleges that defendants Lambert, Magezi, and Mitchell were all traveling eastbound on Interstate 90, in violation of the travel ban. (*Id.* at ¶20) A multi-vehicle accident then occurred causing plaintiff's patrol car to collide with the tractor-trailers operated by Lambert, Magezi, and Mitchell, resulting in serious injury to Wilson-Abrams. (*Id.* at ¶21-22) On June 30, 2020, plaintiff filed an amended complaint in New York State Supreme Court adding Seagate Freight, LLC as an additional defendant. (Dkt. No. 1-6) The amended complaint alleges that the semi-tractor driven by Magezi at the time of the accident was owned by Seagate Freight. (*Id.*)

All defendants filed answers to the amended complaint in state court, as well as crossclaims against their co-defendants. (Dkt. Nos. 1-8, 1-9, 1-10) On November 24, 2020, all defendants filed a joint notice of removal, removing plaintiff's lawsuit from New York State Supreme Court to the Western District of New York based on diversity jurisdiction because plaintiff is a resident of New York state and all six named defendants are residents of foreign states. (Dkt. No. 1) Plaintiff did not oppose the removal.

On June 7, 2021, plaintiff filed a motion in this Court to amend the complaint to add additional defendants whose identities plaintiff learned through discovery. (Dkt. No. 17) Specifically, plaintiff sought to add, as defendants, Jamie L. Burgostorres; Transporte, Inc., d/b/a U.S. Foods; Edward F. DeJoy; Midwest Transport, Inc.; and Penske Truck Leasing Co., L.P. (*Id.*) The five proposed new defendants are the operators and/or owners of two additional tractor-trailers allegedly involved in the automobile accident that injured Wilson-Abrams on January 30, 2019. (*Id.*) Defendants objected to the motion to amend on the grounds that: (1) plaintiff failed to allege a sufficient basis for the Court's jurisdiction pursuant to Federal Rule of Civil Procedure 8(a)(1); and (2) the Court should deny any proposed amendment that would defeat federal diversity jurisdiction. (Dkt. Nos. 19-21)

On October 26, 2021, this Court issued a Decision and Order denying the motion to amend the complaint without prejudice because plaintiff did not adequately set forth the citizenship of each of the five proposed new defendants. (Dkt. No. 25) The Court directed plaintiff to file a proposed second amended complaint which properly stated the citizenship of each of the new defendants. (Dkt. No. 25, pgs. 8-9) The Court further found that joinder of the new defendants comported with the principals of fundamental fairness,

3

even if the joinder ultimately resulted in the destruction of diversity jurisdiction and remand of the lawsuit to state court. (*Id.* at pgs. 9-16) The Court instructed that should the newly proposed complaint properly join any non-diverse defendants, it would issue a recommendation to the District Court that the case be remanded to state court. (*Id.*)

## DISCUSSION

The Court has reviewed the proposed second amended complaint and finds that it complies with the requirements of Federal Rule of Civil Procedure 8(a)(1) by properly setting forth the citizenship of all parties, including the five proposed new defendants, and that it is otherwise legally sufficient. (Dkt. No. 26-4) Defendants concede that the proposed second amended complaint adequately sets forth the citizenship of the five new defendants and comports with the requirements of Rule 8(a)(1). (Dkt. No. 27, pg. 2)

Even though it is agreed that the proposed complaint is now legally sufficient, defendants continue to oppose the amendment because one of the newly named defendants, Edward DeJoy, is domiciled in New York and would destroy diversity jurisdiction. Defendants argue that the Court should decline to permit joinder of DeJoy and retain jurisdiction over the controversy as to the reminder of defendants.[2] Defendants' suggestion would result in the case continuing in this Court against ten out of eleven defendants allegedly involved in the multi-vehicle/tractor trailer accident on January 30, 2019. Plaintiff would then be required to bring a separate, parallel action in New York State Supreme Court against DeJoy, the single New York defendant, regarding the same accident.

---

[2] The other four new defendants are all out-of-state parties whose additional presence would not destroy federal diversity jurisdiction.

4

This Court's October 26, 2021 Decision and Order denying the motion to amend without prejudice, explained, in detail, why the addition of the new defendants here "weighs in favor of joinder and its necessarily attendant remand." See 28 U.S.C. §1447; McGee v. State Farm Mut. Auto Ins. Co., 684 F. Supp. 2d 258, 262 (EDNY 2009). The Court incorporates that discussion here, and finds, for all the reasons set forth in Pages 9-16 of Docket No. 25, that the joinder of all proposed new defendants, including DeJoy, comports with the principals of fundamental fairness, even though the joinder of DeJoy will untimely result in remand.[3]

Defendants now assert, for the first time, that joinder should be denied because DeJoy is not a necessary party to the controversy. The proposed amended complaint alleges that, at the time of the accident, DeJoy was an employee of defendants Midwest and/or Penske and that he was operating their tractor-trailer with their knowledge and permission. Defendants contend that Midwest and/or Penske would therefore be liable to plaintiff for any damages she sustained for tortious conduct committed by DeJoy, see N.Y. V&T Law §388, and, to the extent plaintiff alleges that DeJoy was an employee of Midwest and/or Penske, those entities would be vicariously liable pursuant to the doctrine of respondent superior. Defendant then reasons that because Midwest and/or Penske would be "fully answerable" for all claims related to DeJoy's involvement in the accident,

---

[3] In sum, the Court previously found that: (1) plaintiff's motion to amend was timely under the scheduling order and any delay in seeking the amendment was reasonable, since plaintiff was unaware of the involvement of the proposed new defendants in the accident until receiving the discovery materials, at which time plaintiff promptly moved to amend; (2) there was no apparent prejudice to defendants since the case is in its preliminary stages and, through no fault of plaintiff, very little discovery has taken place; (3) the joinder of defendants would allow plaintiff to litigate all claims arising from the automobile accident in one proceeding and therefore would avoid multiple litigations, which are disfavored by courts since they risk inconsistent judgments and an unnecessary waste of judicial resources; and (4) there was no evidence that plaintiff was motivated by bad faith or a singular desire to proceed in state court. For a full discussion of each of these factors and the Court's complete findings as to why joinder of a non-diverse party here comports with the principals of fundamental fairness, see Dkt. No. 25, pgs. 9-16.

DeJoy's presence is unnecessary for plaintiff to obtain a full and fair adjudication of her claims.

DeJoy is a driver alleged to be actively involved in the tort claim arising from the January 30, 2019 accident. Thus, the Court rejects defendants' contention that he is not a necessary or indispensable party to the action. *See Powell v. Perez*, 18-CV-05890, 2021 U.S. Dist. LEXIS 109293 (EDNY June 10, 2021) (motion to remand granted where factfinders could conclude that proposed defendants shared liability for plaintiff's injuries, and therefore proposed defendants were indispensable parties to the action pursuant to Federal Rule of Civil Procedure 19(b)); *Caldararo v. Au.*, 570 F. Supp. 39 (SDNY 1983) (Section 388 of the New York Vehicle and Traffic Law does not render driver and owner true "joint tort-feasors" and does not render one of the parties dispensable under the Federal Rules). Moreover, any claim that Midwest and/or Penske would be "fully answerable" for plaintiff's claims against DeJoy cannot be determined at this stage in the litigation, since virtually no discovery has been conducted and no dispositive motions have been filed.[4] Lastly, even if DeJoy was a dispensable party, it would make little sense to proceed on the very same claim against ten defendants in federal court and one defendant separately in state court, especially considering that this case is still in its preliminary stages with regard to discovery.[5] *See Gurksy v. Northwestern Mut. Life Ins., Co.*, 139 F.R.D. 279, 283 (EDNY 1991) (Remand of this action will avoid wasting judicial

---

[4] While it is alleged that DeJoy was an employee of Penske and/or Midwest and was operating a vehicle owned by these entities with their permission, the accuracy of these allegations still must be born out through discovery. In addition, it is unknown if Penske and/or Midwest will argue that DeJoy was acting outside the scope of his employment by allegedly driving the tractor-trailer at the time of a travel ban.
[5] Any delay in discovery here is predominately attributed to defendants and not plaintiff. When plaintiff made the initial motion to amend, neither defendants Magezi and Seagate Freight nor defendants Mitchell and Navajo Express had timely complied with Rule 26 initial disclosures or responded to plaintiff's request for interrogatories or document production. Plaintiff also represented that the initial mediation session was cancelled as a result of defendants' delay in producing discovery.

resources as well as the "inherent danger of inconsistent results, both of which are at risk when parallel and state actions proceed simultaneously.").

Thus, plaintiff's motion to amend the complaint is granted. When the amended complaint is filed and DeJoy is included as a defendant, this case will no longer have complete diversity. See *Handelsman v. Bedford Vill., Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2002) ("Diversity jurisdiction requires that all of the adverse parties in a suit...be completely diverse with regard to citizenship."). Plaintiff has not moved to remand. However, it is the responsibility of the Court to determine whether it has subject matter jurisdiction over a case. See 28 U.S.C. §1447(c) (A district court must remand a case to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."); *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (subject matter jurisdiction cannot be waived and may be raised by motion or *sua sponte* at any time); *Malanca v. Worth*, 3:11-cv-0056, 2011 U.S. Dist. LEXIS 26923 (D. Conn. Feb. 8, 2011) ("Lack of removal jurisdiction may be raised by the Court *sua sponte*" and upon determining the Court lacks subject matter jurisdiction, "a remand is mandatory."). Therefore, it is recommended that this case be remanded upon the filing of an amended complaint that includes a defendant domiciled in New York.

## CONCLUSION

For the foregoing reasons, the Court orders that plaintiff's renewed motion to amend the complaint be granted. (Dkt. No. 26) Upon the filing of the amended complaint, it is recommended that the District Court remand the matter to New York State Supreme Court.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to the Report and Recommendation portions of this determination must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See* Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**

DATED:   December 10, 2021
         Buffalo, New York

_____
HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge