UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOMINIQUE WILSON-ABRAMS,

        Plaintiff,

    v.                                      20-CV-1717-LJV-MJR
                                                  DECISION & ORDER

RICHARD MAGEZI, *et al.*,

        Defendants.

---

In January 2019, the plaintiff, Dominique Wilson-Abrams, was involved in a multi-vehicle accident on the New York State Thruway near Leroy, New York. *See* Docket Item 33. Later that same year, she commenced this action in New York State Supreme Court, Erie County, against the drivers and owners of three vehicles involved in the collision: Richard Magezi; Michael L. Lambert; Nathan Tyrone Mitchell; Seagate Freight, LLC ("Seagate")[1]; Western Express, Inc. ("Western"); and Navajo Express, Inc. ("Navajo") (collectively, the "Initial Defendants"). Docket Item 1-2. On November 24, 2020, the Initial Defendants removed the case to this Court based on diversity of citizenship. Docket Item 1.

About six months after the case was removed, Wilson-Abrams moved to amend her complaint to add five new defendants who also were involved in the accident and whose identities she had learned in the course of discovery: Jaime L. Burgostorres; Trans-Porte Inc., d/b/a U.S. Foods ("Trans-Porte"); Edward F. DeJoy; Midwest

---

[1] Seagate was not named in the original complaint but was added in an amended complaint filed about six months later. Docket Item 1-6.

Transport, Inc. ("Midwest"); and Penske Truck Leasing Co., L.P. ("Penske") (collectively the "New Defendants").  Docket Item 17.  Initial Defendants Lambert and Western responded to the motion to amend two weeks later, Docket Item 19, and the remaining Initial Defendants responded on July 8, 2021, Docket Items 20, 21.  Wilson-Abrams then replied on July 19, 2021. Docket Item 22.

On July 27, 2021, this Court referred this case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 23.  On October 26, 2021, Judge Roemer denied Wilson-Abrams's motion to amend without prejudice because her proposed amended complaint did not sufficiently plead the citizenship of the proposed New Defendants.  Docket Item 25.  Because the proposed New Defendants might destroy diversity jurisdiction, however, Judge Roemer thoroughly analyzed the joinder issues; he also directed Wilson-Abrams to file a renewed motion to amend together with a proposed second amended complaint that complied with Federal Rule of Civil Procedure 8(a)(1).  *Id*.

As instructed, Wilson-Abrams renewed her motion to amend three days later, well before the November 5 deadline set by Judge Roemer.  Docket Item 26.  On November 12, 2021, Lambert and Western responded to the renewed motion to amend, Docket Item 27; Magezi and Seagate joined in the response filed by Lambert and Western, Docket Item 28, but Mitchell and Navajo did not respond.  Wilson-Abrams replied on November 18, 2021, Docket Item 29.

On December 14, 2021, Judge Roemer issued a Report, Recommendation and Order ("RR&O") granting the motion to amend.[2]  Docket Item 30.  And because the proposed second amended complaint alleged that one of the five New Defendants, DeJoy, is a citizen of New York, Judge Roemer recommended that this case be remanded to New York State Supreme Court.  Id.

On December 28, 2021, Lambert and Western objected to the RR&O.[3]  Docket Item 31.  They argue that Judge Roemer erred in concluding that the "fundamental fairness" factors weigh in favor of joining DeJoy as a defendant here.  Id.   And they say that because DeJoy should not be joined as a defendant, this case should remain in this Court.[4]  Id.  Wilson-Abrams responded to the objection on January 10, 2022, Docket Item 36, and Lambert and Western replied on February 2, 2022, Docket Item 39.  For the following reasons, this Court agrees with Judge Roemer's decision to grant the second motion to amend and adopts Judge Roemer's RR&O in its entirety.  This matter therefore is remanded to state court.

---

[2] As noted in Judge Roemer's RR&O, "[t]here is a general consensus among courts in this Circuit that the granting of a motion to amend a complaint is nondispositive." Docket Item 30 at n.1 (internal citations omitted) (citing cases). On the other hand, because a remand order "determine[s] the fundamental question of whether a case can proceed in federal court," it is akin to a motion to dismiss and should be treated as dispositive."  See id. (citing Williams v. Beemiller, Inc., 527 F.3d 259, 266 (2d Cir. 2008)).  Accordingly, Judge Roemer addressed the motion to amend by way of a decision and order, and he recommended that the matter be remanded to state court by way of a report and recommendation.  Id.

[3] The remaining defendants did not object to the RR&O.

[4] As directed in Judge Roemer's RR&O, Wilson-Abrams filed the second amended complaint on December 30, 2021, Docket Item 33, and all defendants have answered the second amended complaint, Docket Items 38, 41, 44, 46.

3

**FACTUAL BACKGROUND**[5]

On January 29, 2019, at 8:00 p.m., the New York State Thruway Authority banned tractor-trailers and commercial buses from travelling on the New York State Thruway (Interstate 90) from the Pennsylvania line to Exit 46 in Monroe County. Docket Item 33 at ¶ 30. At about 2:00 p.m. the next day—while the travel ban was still in effect—Wilson-Abrams was in a police car stopped on the shoulder of the eastbound New York State Thruway in the Town of Leroy, New York, within the area covered by the travel ban. *Id*. at 30-31. She suffered serious injuries when her police car was struck in an accident involving multiple vehicles. *Id*. at 53-54.

Wilson-Abrams is a citizen of New York State. *Id*. at ¶ 2. At the time of the accident, Magezi, a citizen of Texas, was working for, and operating a tractor-trailer owned by, Seagate, also a citizen of Texas. *Id*. at ¶¶ 3, 4, 32-35. Lambert, a citizen of Connecticut, was working for, and operating a tractor-trailer owned by, Western, a citizen of Tennessee. *Id*. at ¶¶ 5, 6, 36-39. Mitchell, a citizen of Arizona, was working for, and operating a tractor-trailer owned by, Navajo, a citizen of Colorado. *Id*. at ¶¶ 7, 8, 40-43. Burgostorres, a citizen of Connecticut, was working for, and operating a tractor-trailer owned by, Trans-Porte, a citizen of Delaware and Illinois. *Id*. at ¶¶ 9, 10,

---

[5] The facts set forth below are taken from the second amended complaint, Docket Item 33. A court must accept as true all material factual allegations in the complaint, but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). A court may refer to evidence outside the pleadings when resolving questions of jurisdiction under Rule 12(b)(1). *See Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002) (citations omitted). Evidence concerning the court's jurisdiction "may be presented by affidavit or otherwise." *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

44-47.  Finally, DeJoy, a citizen of New York, was working for, and operating a tractor-trailer owned by, either Midwest, a citizen of Illinois, or Penske, a citizen of Delaware, Pennsylvania, Michigan, and Japan.  *Id*. at ¶¶ 11-13, 48-51.

Wilson-Abrams alleges that at the time of the accident, defendants Magezi, Lambert, Mitchell, Burgostorres, and DeJoy all were driving their tractor-trailers on the New York State Thruway in violation of the travel ban.  *Id*. at ¶¶ 52-53.  And she alleges that the accident and her injuries resulted from the defendant truck drivers' "negligence, recklessness and conscious disregard for the safety of the general public[,] and specifically" Wilson-Abrams.  *Id*. at ¶ 53.

## **PROCEDURAL BACKGROUND**

After the defendants removed the action to this Court, Judge Roemer issued the first scheduling order on March 22, 2021.  Docket Item 15.  That order set July 15, 2021, as the deadline to amend pleadings and January 18, 2022, as the deadline to complete discovery.  *Id*.  On June 7, 2021, Wilson-Abrams moved to compel discovery.  Docket Item 17.  In her motion, Wilson-Abrams stated that neither Seagate nor Navajo had provided the initial disclosures required by Federal Rule of Civil Procedure 26.  Docket item 17-1 at ¶ 7.  The parties eventually resolved the discovery issues.  Docket Item 24.

Wilson-Abrams also moved to amend the complaint to add additional defendants, relying on discovery that identified other vehicles involved in the collision.  *See* Docket Item 17.  In support of her motion, she said that dashboard-camera video footage from Western's vehicle, together with other photographic evidence, showed that after the Western tractor-trailer had stopped, it was "subjected to additional impacts involving two

other tractor[-]trailers that caused [the Western tractor-trailer] to move forward and again contact [Wilson-Abrams's] police car." *Id*. at ¶ 13.  Because her motion to amend was based on evidence recently produced during discovery, Wilson-Abrams argued that she did not delay in seeking the amendment.  *Id*. at ¶ 15.  Moreover, Wilson-Abrams noted that neither Seagate nor Navajo had participated in discovery and therefore could not claim prejudice.  *Id*.  The Initial Defendants all opposed the motion, Docket Items 19, 20, 21, and Wilson-Abrams replied, Docket Item 22.

As noted above, Judge Roemer denied the motion to amend without prejudice, instructing Wilson-Abrams to file a renewed motion to amend with a proposed second amended complaint.  Docket Item 25 at 17.  But Judge Roemer hinted about how he would eventually rule on a complete motion to amend, suggesting that the joinder of the New Defendants "comport[ed] with the [principles] of fundamental fairness, even if the joinder ultimately result[ed] in destruction of . . . diversity jurisdiction and remand of this lawsuit to state court."  *Id*. at 15.

As directed, Wilson-Abrams timely filed a renewed motion to amend and a proposed second amended complaint seeking to add the New Defendants.  Docket Item 26.  Even though the proposed second amended complaint was legally sufficient, and notwithstanding Judge Roemer's observation, Lambert, Western, Magezi, and Seagate opposed the motion to amend on November 12, 2021.  Docket Items 27, 28.  Wilson-Abrams replied on November 18, 2021.  Docket Item 29.

In his RR&O filed on December 14, 2021, Judge Roemer granted Wilson-Abrams's motion to amend and, because adding the New Defendants destroyed

6

diversity jurisdiction, recommended that the matter be remanded to state court. Docket Item 30. Lambert and Western's objections take us to where we are today.

## DISCUSSION

### I. STANDARD OF REVIEW

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Although Judge Roemer's order granting the motion to amend is non-dispositive and therefore subject only to a clear error analysis[6], because the granting of the motion to amend has the effect of destroying diversity jurisdiction, this Court reviews both Judge Roemer's decision granting the motion to amend and his *sua sponte* recommendation to remand *de novo*.[7]

---

[6] The Second Circuit has referred to a motion to amend a complaint as a non-dispositive matter but has not explicitly decided so. *See Fielding v. Tollaksen*, 510 F.3d 175, 175 (2d Cir. 2007); *Kilcullen v. New York State Dep't of Transp.*, 55 Fed App'x 583, 584 (2d Cir. 2003). And some district courts within the Second Circuit have suggested that a magistrate judge's denial of a motion to amend a complaint should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive. *See Nielsen v. New York City Dept. of Educ.*, No. 04-CV-2182(NGG)(LB), 2009 WL 301944, at *3-4 (E.D.N.Y. Feb. 6, 2009); *Children First Found, Inc., v. Martinez*, No. 1:04-CV-0927(NPM), 2007 WL 4618524, at *4 (N.D.N.Y. Dec. 28. 2007).

[7] Because granting the plaintiff's motion to amend defeated diversity and required remand, that order "determine[d] the fundamental question of whether [this] case [should] proceed in a federal court." *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008) (quoting *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998)). Thus, the plaintiff's motion was effectively dispositive, and the entire RRO is subject to *de novo* review, rather than giving the decision of the motion to amend the deferential review ordinarily given to pretrial matters decided by the magistrate judge. *See id.*

7

## II.     JOINDER UNDER RULE 20 AND 28 U.S.C. § 1447(e)

Because the plaintiff's motion to amend was brought after the case was removed, 28 U.S.C. § 1447(e) generally governs.  *See Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y. 2003).  Under that section, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "[T]he decision to join new parties, even if those parties destroy diversity and require a remand, is within the sound discretion of the trial court."  *Moncion v. Infra-Metals Corp.*, No. 01 Civ. 11389 (RLE), 2002 WL 31834442, at *2 (S.D.N.Y. Dec. 18, 2002); *see also Masters v. Erie Ins. Co.,* No. 13 CV 694S, 2014 WL 12726735, at *2 (W.D.N.Y Feb. 13, 2014).

Under section 1447(e), the court engages in a two-step analysis.  First, the court determines whether joinder is permissible under Fed. R. Civ. P. 20.  Rule 20 permits joinder of multiple defendants in one action "if there is asserted against [the defendants] any right to relief . . . arising out of the same [] occurrences and if any question of law or fact common to all defendants will arise in the same action."  Fed. R. Civ. P. 20.  Second, courts consider "whether joinder and remand . . . would comport with principles of fundamental fairness."  *Hosein v. CDL W. 45th St., LLC*, No. 12 Civ. 06903 (LGS), 2013 WL 4780051, at *4 (S.D.N.Y. June 12, 2013) (quoting *Deutchman v. Express Scripts, Inc., No. 07 Civ. 3539,* 2008 WL 3538593, at *3 (E.D.N.Y. Aug. 11, 2008)).

The court's discretion is guided by four factors: "(1) any delay, as well as the reason for delay in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment."  *Hosein,* 2013 WL 4780051, at *2 (citations omitted).  These factors are considered in light of all the

8

circumstances in a case.  See *Vanderzalm v. Sechrist Indus. Inc.*, 875 F.Supp.2d 179, 184 (E.D.N.Y. 2012).

### A. Rule 20 Joinder

The claims against DeJoy and the other four New Defendants, just like the claims against the six Initial Defendants, arise from a single occurrence—the January 30, 2019 multi-vehicle accident on the New York State Thruway.  Because Wilson-Abrams asserts all claims against the Initial Defendants and against the New Defendants jointly, severally, or in the alternative—and because they all arise from the same occurrence, raise the same issues, and therefore invoke the same questions of law and fact—joinder is appropriate under Rule 20.[8]

### B.     Fundamental Fairness

When presented with Wilson-Abrams' first motion to amend the complaint to add the New Defendants, Judge Roemer addressed the fundamental fairness of joining a non-diverse party.  Docket Item 25 at 9-16.  He analyzed the factors that guide courts' discretion in deciding whether to add new parties, and he found that all four factors weigh in favor of joinder even if that would result in the destruction of diversity jurisdiction.  For the following reasons, this Court agrees entirely with Judge Roemer.

---

[8] Indeed, having one action in this Court against the Initial Defendants and one in state court against the New Defendants not only would be inefficient, but it would risk inconsistent verdicts and create many of the issues that joinder is designed to avoid. See *Gursky v. Northwestern Life Ins., Co.*, 139 F.R.D. 279, 283 (E.D.N.Y. 1991) (finding remand will both avoid wasting judicial resources as well as the "inherent dangers of inconsistent results, both of which are at risk when parallel state and federal  actions proceed simultaneously."); *Amon v. Nelson*, No. 91 Civ. 3844, 1992 WL 8337, at *2 (S.D.N.Y. Jan. 15, 1982) ("joinder is favored so that all claims arising from an event or series of events can be resolved in a single litigation.").

9

### 1. The Reason for the Plaintiff's Delay

Judge Roemer found that any delay in moving to join non-diverse defendants was the result of newly acquired information as opposed to a lack of diligence or dilatory tactics. Docket Item 25 at 12. For the reasons stated by Judge Roemer, this Court agrees with him that this factor favors joinder.

### 2. Prejudice to the Defendants

As to the second factor, Judge Roemer could discern no prejudice to the Initial Defendants. *Id*. He specifically noted that although the case was initially filed in state court in December 2019, the case remains in its preliminary stages. *Id*. In fact, Judge Roemer explained that because the parties understood that the case would ultimately be removed to federal court, they did not conduct any conferences or exchange any discovery while the matter was pending in state court. *Id*. Furthermore, Judge Roemer observed that very little discovery had taken place since the case had been pending in federal court because certain defendants had failed to comply with their Rule 26 initial disclosure obligations or to respond to Wilson-Abrams's requests for interrogatories or document production. *Id*. Again, this Court agrees with Judge Roemer that this factor favors joinder.

### 3. Likelihood of Multiple Litigation

Adding the New Defendants would allow Wilson-Abrams to litigate all her claims arising from the January 2019 accident in one proceeding; conversely, denying joinder would require her to proceed in two different forums—against the Initial Defendants here and against the New Defendants in state court. As Judge Roemer correctly noted, because a trial against the Initial Defendants would involve the same evidence as a trial

against the New Defendants, joinder and remand would promote the efficient use of judicial resources, would prevent witnesses from having to testify twice, and would eliminate the possibility of inconsistent judgments.  Docket Item 25 at 14.  This Court agrees with Judge Roemer that the third factor also favors joinder.

### 4.  The Motivation for the Plaintiff's Motion

In support of her motion to amend, Wilson-Abrams argued that she had only recently learned that additional parties had been involved in the accident and that she wanted all her accident claims against all defendants heard in a single lawsuit.  Because those understandable—indeed, compelling—reasons for joinder did not involve a preference for one forum, Judge Roemer concluded that there was no evidence to suggest that Wilson-Abrams sought joinder in bad faith or to manipulate the forum.  *Id*. at 15.  This Court agrees with Judge Roemer and finds that the fourth and final factor also weighs in favor of joinder.

**CONCLUSION**

Because the New Defendants may be properly joined under Rule 20(a), and because considerations of fundamental fairness favor joining them and remanding this action to state court, joinder and remand are appropriate.[9]

For the reasons stated above, the defendants' objections to Judge Roemer's Report, Recommendation and Order are denied. The Clerk of the Court shall REMAND the case to New York State Supreme Court, Erie County, and close the file.

SO ORDERED.

Dated: September 29, 2022
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[9] As Judge Roemer also correctly noted, whether DeJoy is an indispensable party is of no moment. *See* Docket Item 30 at 6-7. Rule 20 applies to permissive joinder, not required joinder governed by Rule 19. So even if DeJoy is a dispensable party here—an argument Judge Roemer rejected for good reason, *see* Docket Item 30 at 6—joinder still is appropriate for all the reasons just stated.